## KEELEY *v.* KEELEY.

[No. 6,744. Filed May 15, 1908.]

1. INSANE PERSONS.—*Guardianship.*—*Inquest.*—*Prosecuting Attorneys.*—*Duties.*—Under §3101 Burns 1908, Acts 1895, p. 205, §1, it is the duty of the prosecuting attorney to defend persons alleged to be of unsound mind. p. 674.

2. APPEAL.—*Right of.*—*Insane Persons.*—Persons found, upon a trial, to be of unsound mind, have a right of appeal, but the prosecuting attorney has no such right; and an appeal taken by him will be dismissed. p. 674.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Petition by Alice Keeley to have Frank Keeley adjudged a person of unsound mind. From an order so adjudging, the prosecuting attorney appeals (see *City of Indianapolis v. Keeley,* 167 Ind. 516). *Appeal dismissed.*

*Charles L. Tindall,* Prosecuting Attorney, and *James Bingham,* Attorney-General, for appellant.

*Elliott & Elliott* and *Wymond J. Beckett,* for appellee.

PER CURIAM.—On May 4, 1907, Alice Keeley, appellee, filed in the office of the clerk of the Probate Court of Marion County a petition for the appointment of a guardian for Frank Keeley, alleging that he was a person of unsound mind and incapable of managing his estate. Whereupon the clerk of said court filed his answer to said petition in general

denial. On the same day, upon application of the appellee, a change of venue from the county was granted, and the cause sent to Hancock county. The cause was submitted for trial to a jury, and a verdict returned, finding that the appellant, Frank Keeley, was a person of unsound mind and incapable of managing his estate. Judgment was rendered by the court in accordance with said verdict, and appellee, Alice Keeley, appointed as his guardian. In due time Charles L. Tindall, prosecuting attorney in and for the eighth judicial circuit, presented his motion for a new trial of the cause, which, over appellee's objection, was by the court ordered filed. Said motion was based upon numerous alleged erroneous rulings of the court, which were duly excepted to. Said causes were distinctly set forth in said motion for a new trial, which was duly signed for the appellant by said prosecuting attorney. Thereafter, to wit, on July 1, 1907, as shown by the transcript, appellant, by said prosecuting attorney, tendered to the court his bills of exceptions numbered one, two, and three, setting out the rulings of the court upon which is predicated the claim of error, each of which bills of exceptions was duly signed and sealed by the court and ordered filed and made a part of the record, and each of which bills of exceptions was signed and sealed over the objection of appellee. Thereupon appellee filed her verified motion to strike said motion for a new trial from the files, which, in substance, alleged that said Alice Keeley was duly appointed guardian of the person and estate of Frank Keeley on the .......... day of .........., 1907, by said court after a trial of the issues before a jury and after said jury had found that the defendant was a person of unsound mind; that said Frank Keeley was in court in person during the trial of said cause; that the prosecuting attorney would not at any time speak to said defendant Keeley and did not consult said Keeley as to his defense, and that Keeley did not

testify in said cause, and said prosecuting attorney did not call said defendant Frank Keeley upon the witness-stand during the trial; that said Frank Keeley had not authorized the prosecuting attorney to file a motion for a new trial, and had not asked him to act in his behalf; that said Frank Keeley is a person of unsound mind, and is incapable of directing the prosecuting attorney or any one else to take any steps in the prosecution of an appeal in said cause; that he did not at any time instruct said prosecuting attorney to file a motion for a new trial, or ask him to act in any way for him. Appellee also moved, orally, to strike from the files said bills of exceptions numbered one, two, and three. On October 5, 1907, the court sustained each of said motions, to each of which rulings the appellant, by said prosecuting attorney, at said time excepted. On October 19, 1907, appellant, by said prosecuting attorney, prayed an appeal, which was granted, and the appeal bond fixed at $200, surety tendered and approved by the court, and ninety days given to file said appeal bond, which bond was filed within the time given. The appeal bond was signed "Frank Keeley, by Charles L. Tindall, prosecuting attorney," and by the American Surety Company.

The controlling question presented is whether the prosecuting attorney has a right to maintain this appeal. It is made the duty of the prosecuting attorney in pro-

1. ceedings to establish unsoundness of mind to appear in such proceedings for the person alleged to be of unsound mind, and by proper defense to protect the interests of such person. §3101 Burns 1908, Acts 1895, p. 205, §1.

The statute makes no provision for an appeal by the prosecuting attorney, and we are cited to no decision holding that such appeal may be taken. The prosecutor appeared

2. in the trial court and made defense. After making such defense, which will be presumed to have been a proper one, he ought not, in the name merely of the defend-

ant, to be permitted to prosecute an appeal from an adverse judgment. *Chase* v. *Chase* (1904), 163 Ind. 178. The appeal so taken is, in effect, an admission of the unsoundness of mind of the defendant. If of unsound mind, the judgment should stand; if of sound mind, the defendant has the right, and is the only person having the right, to appeal therefrom. In resisting the petition, the prosecutor discharged his duty as a sworn officer of the court, and when, following the verdict, judgment was rendered and a guardian appointed for defendant, and his motion for a new trial stricken from the files, his office ended. The case of *Parker* v. *State, ex rel.* (1892), 133 Ind. 178, 18 L. R. A. 567, is pertinent as treating of a kindred question to that here presented. As the record comes to us, the defendant is of unsound mind. The judge heard the evidence upon which the judgment was rendered; saw the defendant, and heard the witnesses, and manifestly believed that the defendant was a proper subject for guardianship. He was as much a sworn officer of the law as the prosecutor, and the prosecutor is not the proper person to ask that the judgment be reviewed. In the interest of the defendant a new trial should be refused.

Appeal dismissed.